UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JUL -7 P 4: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| NORMAN ORENTREICH, M.D. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-11349-RGS |
| WAYNE RICHARD, | ) |
| Defendant. | ) |

## ANSWER

Defendant Wayne Richard, by his undersigned counsel, hereby answers the allegations in the Complaint as follows.

1.	Paragraph 1 contains the Plaintiff's description of the case to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2.	Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.	Defendant admits the allegations in paragraph 3.

4.	Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.	Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

## Count I

6. Defendant denies the allegations in paragraph 6. Further answering, Defendant states that the Loan was made to Richard-James, Inc.

7. Defendant denies the allegations in paragraph 7. Further answering, Defendant states there is no written loan agreement between Plaintiff and Defendant.

8. Defendant admits the allegations in paragraph 8. Further answering, Defendant states that although the check was made payable to him at Plaintiff's request, the Loan was made to Richard-James, Inc.

9. Defendant admits the allegations in paragraph 9. Further answering, Defendant states that although the check was made payable to him at Plaintiff's request, the Loan was made to Richard-James, Inc.

10. Defendant admits the allegations in paragraph 10. Further answering, Defendant states that he then wrote a check payable to Richard-James, Inc. for $250,000 which was deposited in the Richard-James, Inc. account.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13. Further answering, Defendant states that as Plaintiff knows, the Loan was actually made to Richard-James, Inc.

14. Defendant denies the allegations in paragraph 14.

## Count II

15. Defendant repeats and realleges his answers to paragraphs 1 through 14.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no contract between Plaintiff and Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not been unjustly enriched because he transferred the funds at issue to Richard-James, Inc., in accordance with his plan with the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

If there is a contract between Plaintiff and Defendant, Plaintiff breached his duty to Defendant of good faith and fair dealing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff represented to Defendant that the Loan had to be made to Richard-James by a check made payable to Defendant, and Defendant relied on that representation. Plaintiff is estopped from now alleging that the Loan was made to Defendant.

WHEREFORE, Defendant Wayne Richard prays that the complaint be dismissed and that he be awarded such other and further relief as the Court deems appropriate.

        Respectfully submitted,

        Defendant
        WAYNE RICHARD

        By his attorneys,

        */s/ M. Ellen Carpenter*
        M. Ellen Carpenter (BBO # 554142)
        ROACH & CARPENTER, P.C.
        24 School Street
        Boston, MA 02108
        (617) 720-1800

Dated: July 7, 2004