UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORMAN ORENTREICH, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE RICHARD,<br><br>Defendant. | Civil Action No.: 04-11349-RGS |

## JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1(B)

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), the parties have conferred to discuss, among other things: (a) preparing an agenda of matters to be discussed at the scheduling conference; (b) preparing a proposed pre-trial schedule and discovery plan; and (c) considering whether the parties will consent to a trial by a magistrate judge. The parties jointly submit this statement.

    A.    **Proposed Schedule for Filing of Motions and Discovery Plan**

        1.    **Plaintiff's Proposed Schedule**

            A.    Deadline for completing fact discovery: November 15, 2004

            B.    Exchange of initial expert reports: December 1, 2004

            C.    Exchange of rebuttal expert reports: January 7, 2005

            D.    Deadline for expert depositions: February 11, 2005

            E.    Deadline for dispositive motions: March 1, 2005

2. **Defendant's Position**

As set forth in the Defendant's answer, although the check was made payable to him at Plaintiff's request, the funds were used by Richard-James, Inc., with Plaintiff's knowledge. Richard-James, Inc. is a debtor in a Chapter 11 bankruptcy proceeding pending in the District of Massachusetts, Case No. Case No. 04-10524-CJK. It is Defendant's position that discovery in this matter should be stayed, pending the confirmation of the Debtor's Chapter 11 plan, and Defendant will file the appropriate motion with the Bankruptcy Court seeking such a stay pursuant to 11 U.S.C. §105.

Because Plaintiff insists on arguing the Section 105 motion in this Joint Statement (even though the motion will be presented to the Bankruptcy Court), Defendant states an injunction under Section 105 is appropriate in this case. Section 105 provides the Bankruptcy Court with the power to enjoin actions that are not covered by the automatic stay of Section 362 when those actions are closely related to the underlying bankruptcy and continuation of those actions will have an adverse effect on the rehabilitative process.

Here, Plaintiff knew the funds were to be used for Richard-James, yet insisted that the Defendant had to sign the note personally for some personal tax benefit to the Plaintiff. As Plaintiff well knows, the funds were in fact used for Richard-James. Additionally, also as Plaintiff well knows, Richard-James and its related debtors are in the process of negotiating the terms of a plan of reorganization with their creditors, including Plaintiff. The continuation of this action will have an adverse effect on the reorganization process.

In the event the Bankruptcy Court does not enter a Section 105 injunction, Defendant requests the following discovery schedule:

    A.    Deadline for completing fact discovery: December 31, 2004

  B. Exchange of initial expert reports: February 1, 2004

  C. Exchange of rebuttal expert reports: February 7, 2005

  D. Deadline for expert depositions: March 11, 2005

  E. Deadline for dispositive motions: April 1, 2005

### 3. Plaintiff's Objection To Plaintiff's Position

Plaintiff objects to the Defendant's proposal to stay discovery in this action as Defendant is not a debtor in the Chapter 11 bankruptcy proceedings pending before the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), Case Nos. 04-10524--CJK, 04-10524-CJK and 04-10526-CJK (Jointly Administered). The Chapter 11 debtors are Richard James, Inc., R.J. Development Corporation and RJ/OF, LLC, not the Defendant individually.

Further, the Defendant has submitted documents to the Bankruptcy Court, under the pains and penalties of perjury, which indicate that the Loan is owed to him individually. Specifically, on the Schedule D- Creditors Holding Secured Claims for the R.J. Development Corporation case, filed with the Bankruptcy Court on February 25, 2004, the Defendant indicates that he is owed $250,000 in the form of a secured debt, which funds are "advances made on behalf of Dr. Norman Orentreich (who provided the funds). Secured by an all assets lien." Notably, Plaintiff is not listed on any of the three Chapter 11 debtors' "List of Creditors Holding 20 Largest Unsecured Claims", filed with the Bankruptcy Court on February 17, 2004 under the pains and penalties of perjury. If the amount were, in fact, due from one of the three Chapter 11 debtors, not Plaintiff individually, the Defendant would have, and should have, disclosed the alleged unsecured debt. He did not.

Plaintiff denies Defendant's allegation that Plaintiff required Defendant to sign the note personally to receive a tax benefit; Plaintiff does not know what personal tax benefit he would have received from loaning money to Defendant. Defendant seeks to have it both ways in this action: he took the funds as a personal loan, claimed them as a personal loan, and used them to secure his own position adverse to Plaintiff in the bankruptcy. He did all this under pain and penalty of perjury in these proceedings. Now he seeks to invoke these proceedings to claim the opposite of his own sworn statement. Defendant has elected not to be a debtor in the proceedings in Bankruptcy Court and has not listed this loan as a debt in these proceedings. He cannot have it both ways. Under the circumstances, a Section 105 stay would be inappropriate.

4. **Discovery Limitations**

The parties agree that they will not exceed the discovery event limitations specified in Local Rule 26.1(C).

B.  **Certification.**

The parties and their counsel have conferred pursuant to Local Rule 16.1(D)(3): (a) with a view to establishing a budget for the cost of conducting the full course -- and various alternative courses -- of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. The parties will file their certifications at the Scheduling Conference.

| Counsel for Norman Orentreich, M.D., | Counsel for Wayne Richard, |
|---|---|
| *[signature]* <br> Paul D. Moore, BBO# 35310 <br> Bronwyn L. Roberts, BBO# 638079 <br> DUANE MORRIS LLP <br> 470 Atlantic Avenue, Suite 500 <br> Boston, MA 02210 <br> 617-289-9200 | *[signature]* <br> M. Ellen Carpenter, BBO# 554142 <br> ROACH & CARPENTER, P.C. <br> 24 School Street <br> Boston, MA 02108 <br> 617-720-1800 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 8-30-04