**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:                                           ) | Chapter 11 |
|                                                  ) | |
| RICHARD-JAMES, INC.,                             ) | Case Nos. 04-10523-RS, |
| R.J. DEVELOPMENT CORP. and  ) | 04-10524-RS and 04-10526-RS |
| RJ/OF, LLC,                                      ) | (Jointly Administered) |
|                                                  ) | |
|           Debtors-in-possession.                 ) | |
|                                                  ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND**
**ORDER CONFIRMING FIRST AMENDED JOINT CHAPTER**
**11 PLAN OF REORGANIZATION OF SAFO, LLC AND THE**
**OFFICIAL COMMITTEE UNSECURED CREDITORS**

DM3\371010.3

## INTRODUCTION

SAFO, LLC, a Delaware limited liability company ("SAFO"), the holder of the principal

secured and, through its affiliates, unsecured Claims[1] against the debtors, Richard-James, Inc.

("Richard-James"), R.J. Development Corp. ("RJ Development") and RJ/OF, L.L.C. ("RJ/OF"

and hereinafter collectively with Richard-James and RJ Development, the "Debtors"), and the

Official Committee of Unsecured Creditors of the Debtors (the "Committee" and hereinafter

collectively with SAFO, the "Proponents"), having proposed their First Amended Joint Chapter

11 Plan of Reorganization (the "Amended Plan") pursuant to Section 1121(a) of Title 11 of the

United States Code (the "Bankruptcy Code"); this Court having entered its Order Approving (I)

Second Amended Disclosure Statement; (II) Voting and Confirmation Procedures; (III)

Solicitation Materials, and (IV) Vote Tabulation Procedures dated June 7, 2005 and its Order

Approving Supplemental Disclosure Statement and Fixing Time for Filing Acceptances or

Rejections of First Amended Joint Chapter 11 Plan of Reorganization of SAFO, LLC and the

Creditors' Committee and Objections to Confirmation, Combined With Notice Thereof dated

May 25, 2006 (collectively, the "Solicitation Procedures Orders") by which this Court, among

other things, approved the Proponents' proposed disclosure statement and supplemental

disclosure statement (collectively, the "Disclosure Statements"); the sole objections having been

filed by Wayne Richard, Diane Richard, Allison Richard, Rein Lahari and Reindalyne

---

[1]     Unless otherwise specified, capitalized terms and phrases used herein have the meanings
assigned to them in the Amended Plan. The definitions and rules of construction set forth
in Section I of the Amended Plan shall apply to these Findings of Fact, Conclusions of
Law and Order (this "Confirmation Order"). If there is any direct conflict between the
terms of the Amended Plan and the terms of this Confirmation Order, the terms of this
Confirmation Order shall control.

Enterprises (collectively, the "Insider Objections"), and such Insider Objections having been resolved on the terms set forth below; this Court having considered all evidence presented at the hearings to consider confirmation of the Amended Plan (collectively, the "Confirmation Hearings"), including the Declaration of Paul D. Moore in Support of Confirmation of First Amended Joint Chapter 11 Plan of Reorganization of SAFO, LLC and the Official Committee of Unsecured Creditors, and the Declaration of Paul D. Moore Certifying Voting and Tabulation of Ballots Regarding Vote on First Amended Joint Chapter 11 Plan of Reorganization of SAFO, LLC and the Official Committee of Unsecured Creditors (the "Voting Certification"); and the offers of proof and other statements of counsel in support of and in opposition to confirmation at the Confirmation Hearings held on August 17, 2005 and June 13, 2006 as reflected in the record made at the Confirmation Hearings; this Court having taken judicial notice of the papers and pleadings on file in these Chapter 11 Cases, including but not limited to the Voting Certification and the various certificates of service of the Amended Plan solicitation materials therein (collectively, the "Certificates of Service"); and this Court finding that (i) notice of the Confirmation Hearings and the opportunity of any party in interest to object to confirmation was adequate and appropriate, and in accordance with Bankruptcy Rule 2002(b) and the Solicitation Procedures Orders, as to all parties to be affected by the Amended Plan and the transactions contemplated thereby, including, but not limited to, any and all nondebtor parties to Executory Contracts and Unexpired Leases with the Debtors; and (ii) the legal and factual bases set forth in the applicable papers and at the Confirmation Hearings, and as set forth in this Confirmation Order, establish just cause for the relief granted herein; this Court hereby enters the following Findings of Fact, Conclusions of Law and Order approving Confirmation of the Amended Plan:[2]

---

[2]      This Confirmation Order constitutes the Court's findings of fact and conclusions of law

# I.    FINDINGS OF FACT.

## A.    JURISDICTION AND VENUE.

1.    On January 22, 2004, the Debtors commenced their respective bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Richard-James, a Delaware corporation, is a privately held medical products company based in Peabody, Massachusetts.  RJ Development, a Massachusetts corporation, is a wholly owned subsidiary of Richard-James.  RJ/OF was initially established in 1997 as a joint venture between SAFO, a wholly owned subsidiary of the Orentreich Foundation, and RJ Development, for the development of compounds and devices for all applications of materials for soft tissue augmentation.

## B.    MODIFICATIONS TO THE AMENDED PLAN.

2.    Other than with respect to the treatment of Class 4 General Unsecured Creditors as described in the Disclosure Statements, the modifications contained in the Amended Plan do not affect, in any material respect, the treatment of the Claim of any creditor or Equity Interests against the Debtors, as compared to the treatment in the prior plan of reorganization filed by the Committee and SAFO on or about May 26, 2005.

---

under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any finding of fact shall constitute a finding of fact even if it is referred to as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is referred to as a finding of fact.

C. **COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE.**

a. **The Amended Plan Satisfies Section 1129(a)(1).**

3. The Amended Plan complies with all applicable provisions of the Bankruptcy Code, as required by Section 1129(a)(1) of the Bankruptcy Code, including Sections 1122 and 1123 of the Bankruptcy Code.

b. **Sections 1122 and 1123(a) are Satisfied.**

4. The Amended Plan constitutes a plan of reorganization, with the Reorganized Debtor as the surviving entity. Pursuant to Sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Section II of the Amended Plan designates Classes of Claims and Equity Interests, other than Administrative Expenses and Priority Tax Claims. As required by Section 1122(a), each Class of Claims and Equity Interests for the Debtors contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class. The Amended Plan designates nine (9) Classes of Claims. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Section 1122 of the Bankruptcy Code. Secured Claims (Classes 1, 2 and 3) are separately classified from general unsecured Claims (Class 4). Insider Compensation Claims (Class 5) are separately classified from Intercompany Claims (Class 6) and Equity Interests of each of the Debtors are likewise separately classified from each other (Classes 7A, 7B and 7C). In sum, the Amended Plan's classification scheme recognizes the differing legal and equitable rights of secured Claims versus unsecured Claims, priority versus nonpriority Claims, and Insider Compensation Claims versus General Unsecured Claims. Moreover, the Amended Plan provides alternative treatment in the event certain claims are allowed other than as contemplated in the Amended Plan, such that, by way of example, Class 5 Insider Compensation Claims will be

treated as Class 4 General Unsecured Claims if they are hereafter allowed as such. These classifications are reasonable under Section 1122(a) of the Bankruptcy Code because the Claims and Equity Interests are sufficiently distinct with respect to each other and with respect to the Debtors. Furthermore, no objections relating to classification were filed, *or any such objections have been resolved pursuant to this order.*

5.      Pursuant to Sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code, Section II of the Amended Plan specifies the treatment of all Classes of Claims and Equity Interests that are not impaired under the Amended Plan and specifies the treatment of all Classes of Claims and Equity Interests that are impaired under the Amended Plan. Pursuant to Section 1123(a)(4) of the Bankruptcy Code, Section II of the Amended Plan also provides the same treatment for each Claim or Interest within a particular Class, unless the holder of a Claim or Interest agrees to less favorable treatment of its Claim or Interest. The Amended Plan also satisfies the requirements of Sections 1123(a)(5)-(7) of the Bankruptcy Code.

### c.      Sections 1123(b)(1)-(2) are Satisfied.

6.      The Amended Plan fully complies with the applicable provisions of the Bankruptcy Code, including Section 1123(b). In accordance with Section 1123(b)(1) of the Bankruptcy Code, Section II of the Amended Plan impairs, or leaves unimpaired, as the case may be, each Class of Claims under the Amended Plan. Section V of the Amended Plan provides that, effective upon the Effective Date, the Reorganized Debtor rejects all executory contracts and unexpired leases that exist between the Debtors and any other entity that have not previously been assumed or rejected, except those (i) assumed pursuant to the Amended Plan, (ii) that are the subject of a pending motion filed by the Debtors or SAFO in the Chapter 11 Cases to assume, or assume and assign, such contracts or leases, or (iii) with respect to which the Bankruptcy Court has otherwise granted the Debtors, SAFO or the Reorganized Debtor

additional time to assume or reject such contracts or leases after the Effective Date. The executory contracts and unexpired leases rejected under the Amended Plan shall include, without limitation, those listed in Schedule V.B. to the Amended Plan. Inclusion of a matter in Schedule V.B. does not constitute an admission by the Debtors, the Committee, the Liquidating Trustee, SAFO or the Reorganized Debtor that a contract or lease ever existed, now exists, is or was valid or is or ever was unexpired or executory. To the extent that a matter that provides the Debtors with a property right does not constitute an executory contract or unexpired lease, rejection shall not constitute an abandonment by the Reorganized Debtor of such property right. Accordingly, the Amended Plan meets the requirements of Section 1129(b)(2) of the Bankruptcy Code.

### d.    The Amended Plan Complies with Section 1129(a)(2).

7.    SAFO and the Committee have complied with all applicable provisions of the Bankruptcy Code, as required by Section 1129(a)(2) of the Bankruptcy Code, including Section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

### e.    The Amended Plan Complies with Section 1129(a)(3).

8.    SAFO and the Committee proposed the Amended Plan in good faith and not by any means forbidden by law. In determining that the Amended Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the formulation of the Amended Plan. Based on the evidence presented and the offers of proof at the Confirmation Hearings, this Court finds and concludes that there is a reasonable likelihood that the Amended Plan will maximize the value of the ultimate recoveries to all creditor groups on a fair and equitable basis consistent with the standards prescribed under the Bankruptcy Code.

### f.     The Amended Plan Complies with Section 1129(a)(4).

9.     Any payments made or to be made for services or for costs and expenses accruing prior to confirmation or in connection with the Chapter 11 Cases, or in connection with the Amended Plan and incident to the Chapter 11 Cases, have, to the extent required by the Bankruptcy Code, been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code. Without limiting the generality of the foregoing, (a) pursuant to Section II.B of the Amended Plan, the Liquidating Trustee shall pay each Allowed Administrative Expense in full, in Cash, on the later of (i) ten (10) Business Days following the Effective Date, (ii) within ten (10) Business Days after the date such Administrative Expense becomes an Allowed Administrative Expense and (iii) the date such Allowed Administrative Expense becomes due according to its terms, and (b) pursuant to, inter alia, Sections II.D and III.B of the Amended Plan, the Liquidating Trustee is empowered to seek the recovery of unauthorized post-petition transfers pursuant to Section 549 of the Bankruptcy Code. Consistent with Sections II.B.3 and III.D.9 of the Amended Plan, the Liquidating Trustee is empowered to make payments to professionals for services rendered after the Effective Date without further order of the Court. Accordingly, the Amended Plan complies with the requirements of 11 U.S.C. § 1129(a)(4).

### g.     The Amended Plan Complies with Section 1129(a)(5).

10.     The Proponents have complied with Section 1129(a)(5) of the Bankruptcy Code by disclosing in the Amended Plan, (a) the identity and affiliation of any individual proposed to serve, after confirmation of the Amended Plan, as an officer or director of the Reorganized Debtor; and (b) that no insider will be retained or employed by the Reorganized Debtor after confirmation of the Amended Plan. The appointment(s) to such position(s) of such individual(s)

ndl04-1052302.TIF

is consistent with the interests of the creditors and Equity Interest holders of the Debtors and with public policy.

**h.     Section 1129(a)(6) is Inapplicable.**

11.     The Debtors' business does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after Confirmation.  Therefore, the requirements of 11 U.S.C. § 1129(a)(6) do not apply in the Chapter 11 Cases.

**i.     The Amended Plan Complies with Section 1129(a)(7).**

12.     With respect to each impaired Class of Claims against or Equity Interests in the Debtors, each holder of an impaired Claim or Interest has accepted or is deemed to have accepted the Amended Plan or will receive or retain under the Amended Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtors were liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.  The Amended Plan complies with the requirements of 11 U.S.C. § 1129(a)(7) and the "best interests" test described therein, consistent with the rulings of the Court made on the record at the Confirmation Hearing.

**j.     Section 1129(a)(8).**

13.     Classes 1, 3 and 4 were entitled to vote to accept or reject the Amended Plan. Classes 1 and 4 voted to accept the Amended Plan and Class 2 is deemed to have voted in favor of the Amended Plan.  See Heins et al. v. Rudi-Sweetwater, Inc., et al., 836 F.2d 1263 (10th Cir. 1988).  Class 3 voted to reject and Classes 5, 6, 7A, 7B and 7C are deemed to have voted to reject.  Because not all impaired Classes of Claims have accepted the Amended Plan or are deemed to have accepted the Amended Plan, the requirements of Section 1129(a)(8) have not been met, thus requiring application of Section 1129(b) of the Bankruptcy Code.

Notwithstanding the lack of compliance with Section 1129(a)(8) of the Bankruptcy Code with respect to these Classes, the Amended Plan is confirmable because, as described below, the Amended Plan satisfies the "cramdown" requirements of Section 1129(b) of the Bankruptcy Code with respect to such Classes.

**k.     The Amended Plan Complies with Section 1129(a)(9).**

14.    The Amended Plan provides for treatment of Allowed Administrative Expenses, and Priority Tax Claims, subject to certain bar date provisions, in the manner required by Section 1129(a)(9) of the Bankruptcy Code.  The Amended Plan complies with the requirements of 11 U.S.C. § 1129(a)(12).

**l.     Section 1129(a)(10) is Satisfied.**

15.    As indicated in the Voting Certification and in the above paragraph 13 and as reflected in the record of the Confirmation Hearing, impaired Classes 1 and 4 voted to accept the Amended Plan, without including the acceptance by any insider, and Class 2 is deemed to have voted in favor of the Amended Plan.  The Amended Plan complies with the requirements of 11 U.S.C. § 1129(a)(10).

**m.     The Amended Plan Complies with Section 1129(a)(11).**

16.    The Amended Plan complies with 11 U.S.C. § 1129(a)(11).  The Amended Plan explicitly provides for the reorganization of the Debtors and the vesting of certain of the Estates' assets in the Reorganized Debtor.  Pursuant to Section III of the Amended Plan, a Liquidating Trust will be established, and a Liquidating Trustee appointed who will be responsible for making payment in respect of the Allowed Administrative Expense Claims, Allowed Priority Claims and Allowed General Unsecured Claims.  As set forth in Section III.B of the Amended Plan, the Liquidating Trust will be funded by (i) a contribution of $2,000,000 from SAFO, (ii) an

assignment or transfer by the SAFO and *that* Orentreich Entities of all currently pending litigation

claims of SAFO or any of the Orentreich Entities against Wayne A. Richard or Diane J. Richard

-- *i.e.*, those pending litigation claims captioned *SAFO, L.L.C. v. Wayne Richard and Diane

Richard*, 06-CV-10582-NMG (D. Mass) and *Norman Orentreich, M.D. v. Wayne Richard*, 04-

CV-11349-RGS (D. Mass) (collectively, the "Orentreich Causes of Action"), and (iii) an

assignment or transfer by the Debtors of the Insider Causes of Action and the Avoidance Power

Causes of Action. The Amended Plan therefore provides assets and funding for the distributions

required under the Amended Plan. The Liquidating Trustee thus is able to implement the

Amended Plan without the need for further reorganization proceedings; thus, Section

1129(a)(12) of the Bankruptcy Code is satisfied.

### n.    The Amended Plan Complies with Section 1129(a)(12).

17.    Pursuant to Section IX.A of the Amended Plan, all quarterly fees due and payable

to the Office of the United States Trustee pursuant to Section 1930(a)(6) of Title 28 of the

United States Code shall be paid by the Debtors in full on or before the Effective Date, as

required by Section 1129(a)(12) of the Bankruptcy Code. The Liquidating Trustee will be

responsible for compliance with applicable reporting requirements of the Office of the United

States Trustee and timely payment of quarterly fees due and payable after the Effective Date and

until the Chapter 11 Cases are closed, to the extent required by Section 1930(a)(6) of Title 28 of

the United States Code. Accordingly, Section 1129(a)(12) of the Bankruptcy Code is satisfied.

### o.    Section 1129(a)(13) is Inapplicable.

18.    The Debtors have no retiree benefits, as defined in Section 1114 of the

Bankruptcy Code. As a result, Section 1129(a)(13) is inapplicable in the Chapter 11 Cases.

p.    **Cramdown Under Section 1129(b).**

19.    Pursuant to Section 1129(b)(1) of the Bankruptcy Code, the Amended Plan may be confirmed despite the rejection or deemed rejection of the Amended Plan by certain impaired Classes.  Other than the requirement in Section 1129(a)(8) of the Bankruptcy Code with respect to the impaired nonaccepting Classes, all of the applicable requirements of Section 1129(a) of the Bankruptcy Code have been met.  Based upon the evidence proffered, adduced or presented by the Proponents at the Confirmation Hearing, the Amended Plan (i) is fair and equitable with respect to the impaired nonaccepting Classes because no Claims or Equity Interests junior to the Claims or Equity Interests in Classes 5, 6, 7A, 7B and 7C receive or retain any property under the Amended Plan on account of such junior Claims or Equity Interests; and (ii) does not discriminate unfairly against the holders of Claims or Equity Interests in Classes 5, 6, 7A, 7B and 7C.

q.    **No Avoidance of Taxes or Securities Laws -- Section 1129(d).**

20.    The primary purpose of the Amended Plan is not the avoidance of taxes or the avoidance of the requirements of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  There has been no request by a governmental unit that is a party-in-interest in the Chapter 11 Cases to make a finding that the principle purpose of the Amended Plan is the avoidance of taxes or the avoidance of the application of securities laws.

II.    **CONCLUSIONS OF LAW.**

A.    **JURISDICTION AND VENUE.**

21.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  The Debtors were and are qualified to be debtors under Section 109 of the Bankruptcy Code.  Venue of the Chapter 11

Cases in the United States Bankruptcy Court for the District of Massachusetts was proper as of

the Petition Date, pursuant to 28 U.S.C. § 1408, and continues to be proper.

### B.    EXEMPTIONS FROM SECURITIES LAWS.

22.    Pursuant to Section 1125(e) of the Bankruptcy Code, the Proponents' transmittal

of solicitation materials and their solicitation of acceptances of the Amended Plan are not, and

will not be, governed by or subject to any otherwise applicable law, rule or regulation governing

the solicitation of acceptance of a Chapter 11 plan or the offer, issuance, sale or purchase of

securities.

### C.    EXEMPTIONS FROM TAXATION.

23.    Pursuant to Section 1146(c) of the Bankruptcy Code, the Proponents may not be

taxed under any law imposing a stamp tax or similar tax for the issuance, transfer or exchange of

a security, or the making or delivery of an instrument of transfer under a plan confirmed under

Section 1129 of this title.

### D.    COMPLIANCE WITH SECTION 1129 OF THE BANKRUPTCY CODE.

24.    As set forth in Section I.C above, the Amended Plan complies in all respects with

the applicable requirements of Section 1129 of the Bankruptcy Code.

### E.    APPROVAL OF THE RELEASES PROVIDED UNDER
###        THE AMENDED PLAN AND CERTAIN OTHER MATTERS.

25.    The release provisions, exculpation provisions, and injunction provisions

contained in Sections VII and IX of the Amended Plan are hereby approved and shall be

immediately effective on the Effective Date of the Amended Plan without further act or order.

### F.    REJECTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED
###        LEASES.

DM3\371010.3

12

26.    Effective upon the Effective Date, all executory contracts and unexpired leases that exist between the Debtors and any other entity that have not previously been assumed or rejected, shall be rejected except those (i) assumed pursuant to the Amended Plan, (ii) that are the subject of a pending motion filed by the Debtors or SAFO in the Chapter 11 Cases to assume, or assume and assign, such contracts or leases, or (iii) with respect to which the Bankruptcy Court has otherwise granted the Debtors, SAFO or the Reorganized Debtor additional time to assume or reject such contracts or leases after the Effective Date. The executory contracts and unexpired leases rejected under the Amended Plan shall include, without limitation, those listed in Schedule V.B. to the Amended Plan. Inclusion of a matter in Schedule V.B. does not constitute an admission by the Debtors, the Committee, the Liquidating Trustee, SAFO or the Reorganized Debtor that a contract or lease ever existed, now exists, is or was valid or is or ever was unexpired or executory. To the extent that a matter that provides the Debtors with a property right does not constitute an executory contract or unexpired lease, rejection shall not constitute an abandonment by the Debtors, SAFO or the Reorganized Debtor of such property right. As a matter of prudence, Schedule V.B. may include contracts and leases that previously have been rejected, cancelled, or assigned or that have expired. Entry of this Confirmation Order shall constitute approval of the rejections under the Amended Plan pursuant to Section 365(a) of the Bankruptcy Code. SAFO's decision regarding the assumption and rejection of executory contracts and unexpired leases is based on and within the sound business judgment of SAFO, and is in the best interests of the Debtors, the Reorganized Debtors, their Estates, and their creditors and Interest holders.

## III.    ORDER.

### ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

### A.    CONFIRMATION OF THE AMENDED PLAN.

27.    For the reasons stated herein and on the record at the Confirmation Hearing, the Amended Plan is confirmed pursuant to Section 1129 of the Bankruptcy Code. All of the Objections and other responses to the Amended Plan, other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Confirmation Hearing are either resolved or overruled.

### B.    SUBSTANTIVE CONSOLIDATION OF THE ESTATES OF THE DEBTORS.

28.    Pursuant to Section 302(b) of the Bankruptcy Code, the Estates of the Debtors shall be deemed substantively consolidated solely for purposes of the Amended Plan as of the Effective Date, with the Reorganized Debtor operating under the name Richard-James, Inc. or any other name designated in the Richard-James Corporate Documents, or any successors thereto by merger, consolidation, acquisition, or otherwise. Accordingly, as of the Effective Date: (i) all assets and liabilities of the Debtors shall be treated as though they were merged; (ii) any obligation of any Debtor and all guarantees thereof executed by one or more of the Debtors shall be deemed to be one obligation of the consolidated Debtor; (iii) any Claims filed or to be filed in connection with any such obligation and such guarantees shall be deemed one Claim against the consolidated Debtor; and (iv) all duplicative claims (identical in both amount and subject matter) filed against more than one of the Debtors will be automatically expunged so that only one Claim survives against the consolidated Debtor but in no way shall such claim be deemed Allowed by reason of Section IX of the Amended Plan; *provided, however, that* substantive consolidation

DM3\371010.3                                      14

shall be for purposes of the Amended Plan only, and shall, except as otherwise set forth in the

Amended Plan, (a) be subject to reservation of all Avoidance Power Causes of Action, and any

such Avoidance Power Causes of Action shall remain unimpaired without giving effect to the

substantive consolidation of the Estates for purposes of the Amended Plan or, at the election of

the Liquidating Trustee, be cancelled and discharged, (b) be without prejudice to any previous

grant or assignment of rights as between the Debtors, including, without limitation, the rights

granted by RJ Development to RJ/OF under the license agreement dated November 18, 1997

between RJ Development and RJ/OF (the "1997 License"), which 1997 License shall remain in

full force and effect.  Without limiting the foregoing, substantive consolidation shall be effective

only as of the Effective Date and shall not operate in any fashion to impair or otherwise affect

the Liquidating Trustee's rights of recovery with respect to preserved Avoidance Power Causes

of Action, as they existed on the Petition Date without taking into account the substantive

consolidation of the Debtors' Estates.  On the Effective Date, and in accordance with the terms

of the Amended Plan and the consolidation of the assets and liabilities of the Debtors, all Claims

based upon guarantees of collection, payment or performance made by the Debtors as to the

obligations of another Debtor or of any other Person shall be discharged, released and of no

further force and effect; *provided, however, that* nothing herein shall affect the obligations of

each of the Debtors under the Amended Plan, the rights or obligations of any Person under any

agreement assumed by, or assumed and assigned to, the Reorganized Debtor, or as otherwise set

forth in this paragraph 28, except as specifically provided in the Amended Plan or this

Confirmation Order.

## C.    EFFECT OF CONFIRMATION.

29.    Notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Amended Plan and this Confirmation Order are deemed binding upon all Persons including the Debtors, the Reorganized Debtor, any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Amended Plan or whether the holders of such Claims or Equity Interests accepted, rejected or are deemed to have accepted or rejected the Amended Plan), any and all nondebtor parties to Executory Contracts and Unexpired Leases with the Debtors, including, but not limited to, Alcon Pharmaceutical, Ltd. and Alcon Laboratories, Inc. (collectively, including any subsidiary or successor entity thereof, the "Alcon Entities") with respect to the Alcon Entities' respective rights and obligations under (a) the agreement dated October 7, 1998 by and between Richard-James and Alcon Pharmaceutical, Ltd (the "1998 Alcon Agreement"), and (b) the exclusive rights licensed to RJ/OF under the 1997 License and any and all entities who are parties to or are subject to the releases, waivers, discharges and injunctions under the Amended Plan and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

### D.    CLAIMS BAR DATES AND OTHER CLAIMS MATTERS.

####  a.    Bar Date for Administrative Expenses

30.    All applications for reimbursement of expenses incurred before the Effective Date and all other requests or claims for payment of Administrative Expenses incurred before the Effective Date under Section 507(a)(1) or 507(b) of the Bankruptcy Code other than for Professional Fees and Expenses, shall be filed with the Bankruptcy Court on or before the Administrative Expense Bar Date.  Any request for payment of an Administrative Expense that is subject to the Administrative Expense Bar Date and that is not filed and served on or before the Administrative Expense Bar Date shall be forever barred; any party that seeks payment of Administrative Expenses, including without limitation Insider Compensation Claims and personal injury claims arising from acts or omissions occurring after the Petition Date, that (i) is required to file a request for payment of such Administrative Expenses and (ii) does not file and serve such a request by the deadline established herein shall be forever barred from asserting such Administrative Expenses against the Liquidating Trust, the Liquidating Trustee, the Committee, the Post-Effective Date Committee, SAFO, the Reorganized Debtor, the Debtors, the Estates or any of their respective properties.

####  b.    Bar Date for Professional Fees.

31.    All applications for final compensation and reimbursement of Professional Fees and Expenses incurred before the Effective Date shall be filed and served on or within 30 days after the Effective Date.  Any such application shall also include fees and expenses incurred on or after the Effective Date in preparing the application, to the extent requested by the applicant.

    c.    **Bar Date for Rejection Damages Claims and Related Procedures.**

    32.    In accordance with the Amended Plan, all Allowed General Unsecured Claims arising from the rejection of executory contracts or unexpired leases, whether under the Amended Plan or by separate proceeding, shall be treated as Claims in Class 4 under the Amended Plan. All Claims arising from the rejection of executory contracts or unexpired leases under the Amended Plan must be filed with the Bankruptcy Court and served on the Liquidating Trustee and counsel to the Liquidating Trustee within thirty (30) days after notice of this Confirmation Order, which notice shall be delivered and deemed effective notice by mail to the respective party's address on the lease or contract or to such other address delivered by such party in writing to SAFO on or before the Effective Date. The Liquidating Trustee shall have sixty (60) days to object to any proof of claim filed hereunder, or such additional time as the Court orders. Any such Claims that are not filed and served within such time shall be forever barred from assertion against the Liquidating Trust, the Liquidating Trustee, the Committee, the Post-Effective Date Committee, SAFO, the Reorganized Debtor, the Debtors, the Estates or any of their respective properties, and shall not share in any Distributions under the Amended Plan.

    33.    Notwithstanding anything in any other order of this Court to the contrary, if the rejection of an Executory Contract or Unexpired Lease pursuant to Section V of the Amended Plan gives rise to a Claim by the other party or parties to the Executory Contract or Unexpired Lease, such Claim shall be forever barred and shall not be enforceable against the Liquidating Trust, unless a proof of Claim is filed in accordance with the Amended Plan and this Confirmation Order.

### E.    MATTERS RELATING TO IMPLEMENTATION OF THE AMENDED PLAN.

#### a.    Establishment of Reorganized Debtor and Related Documents.

34.    As set forth above, on the Effective Date of the Amended Plan, the Estates of the Debtors will be substantively consolidated.

#### (i)    Structure and Management of the Reorganized Debtor.

35.    On the Effective Date, the Debtors shall become the Reorganized Debtor and the management and operation of the Reorganized Debtor shall become the general responsibility of the Board of Directors of the Reorganized Debtor elected as of the Effective Date.  On the Effective Date, the Debtors shall be deemed to be substantively consolidated into Reorganized Richard-James as the sole surviving entity.  The Richard-James Corporate Documents shall provide that the Board of Directors of Richard-James shall consist of two (2) Directors who shall be Norman Orentreich and David Orentreich.  As of the Effective Date, the Officers of Reorganized Richard-James shall include David Orentreich, President and Treasurer.

#### (ii)    Issuance Of New Securities.

36.    On the Effective Date, the Reorganized Debtor shall be deemed, and hereby is, empowered to issue and shall issue the Class A Common Stock to SAFO or its designee.  All securities issued pursuant to the Amended Plan and this Confirmation shall be exempt from laws requiring registration for the offer or sale of such securities or registration or licensing of an issuer of, underwriter of, or broker or dealer in, such securities to the fullest extent as provided by Section 1145 of the Bankruptcy Code.

#### (iii)    Corporate Action.

37.    On the Effective Date, the issuance of securities as provided in the Amended Plan, and all other corporate, partnership, joint venture, and limited liability company actions

DM3\371010.3                                    19

called for by the Amended Plan shall be, and hereby are, deemed authorized and approved by virtue of entry of this Confirmation Order, in accordance with the Bankruptcy Code and applicable state law (including but not limited to Section 303 of the Delaware General Corporations Law, to the extent applicable) and without any requirement of further action by the stockholders, directors, or members of the Debtors, SAFO or the Reorganized Debtor.

### (iv)    Revesting of Assets.

38.    Except as otherwise provided in the Amended Plan, on the Effective Date the property of the Estates of the Debtors shall vest or revest, as the case may be, in the Reorganized Debtor, including any preserved claims or rights of action (whether known or unknown, and whether or not identified in the Schedules or Disclosure Statements) that the Debtors or the Reorganized Debtors has asserted or may assert against any entity (but not any Avoidance Power Causes of Action or any Insider Causes of Action, and SAFO, the Orentreich Entities, the Debtors and the Reorganized Debtor shall have no rights of attachment, set off, recoupment or other claim, lien or encumbrance against the Liquidating Trustee, the Liquidating Trust or the Liquidating Trust Assets with respect to such Avoidance Power Causes of Action or any Insider Causes of Action). The Reorganized Debtor is hereby authorized to operate its business and use, acquire, and dispose of property without supervision by the Bankruptcy Court or the United States Trustee and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules. As of the Effective Date, all property of the Reorganized Debtor shall be, and hereby is, free and clear of all Claims, liens, encumbrances, and other interests of creditors and holders of Equity Interests, except as otherwise provided in the Amended Plan and this Confirmation Order. As of the Effective Date, the property of the Estates of the Debtors (including but not limited to the Acquired Assets, and all corporate documents, records, accounts, writings, etc. of the Debtors,

wherever located, but not including the Insider Causes of Action and Avoidance Power Causes of Actions which shall vest in the Liquidating Trust) shall become the property of the Reorganized Debtor free and clear of all liens, Claims, Equity Interests and encumbrances, and any Persons holding any such property shall promptly turn such property over to the Reorganized Debtor upon the Reorganized Debtor's request. For avoidance of doubt, the assets vested or revested, as the case may be, in the Reorganized Debtor shall include the exclusive, irrevocable world-wide rights to the development and commercial sale of all technology for all applications of materials for soft tissue augmentation, including without limitation potential applications for facial lipoatrophy such as the abnormal fat loss common to HIV/AIDS patients, diabetic foot ulcers and cosmetic procedures, and the development, synthesis and manufacture of compounds and devices for such applications (including without limitation all patents, trade secrets, know-how, processes, PMA or FDA rights or approvals, preclinical, clinical, pharmacological or other data and testing results, etc. relating to or useful in such applications, whether or not reduced to writing) that were licensed to RJ/OF pursuant to the 1997 License.

(v)    **Implementation of Bankruptcy Code Section 1146(c).**

39.    Any transfers or other transactions that occur pursuant to or in connection with the Amended Plan or this Confirmation Order may not be taxed under any federal, State, or local law imposing a stamp tax, real estate transfer tax, recording tax, or similar tax.

b.    **Approval of Executory Contract and Unexpired Lease Provisions and Related Procedures.**

40.    Except as otherwise modified herein, the Executory Contract and Unexpired Lease provisions of Section V of the Amended Plan are specifically approved. This Confirmation Order shall constitute an order of the Court approving the assumptions and rejections described in Section V of the Amended Plan, pursuant to Section 365 of the

DM3\371010.3                             21

Bankruptcy Code, subject to the rights of SAFO, the Reorganized Debtor, the Liquidating Trust

and the Liquidating Trustee.

### F.    DISCHARGE AND INJUNCTION.

#### a.    Discharge.

41.    Except as otherwise expressly provided in Section 1141 of the Bankruptcy Code

or the Amended Plan, the Distributions made pursuant to and in accordance with the applicable

terms and conditions of the Amended Plan are in full and final satisfaction, settlement, release,

and discharge as against the Debtors, SAFO, the Reorganized Debtor, the Committee, the Post-

Effective Date Committee, the Liquidating Trust, the Liquidating Trustee, and the Released

Parties generally of any debt of the Debtors or the Reorganized Debtors that arose before the

Effective Date, any debt of the Debtors of a kind specified in Section 502(g), 502(h), or 502(i) of

the Bankruptcy Code, and all Claims against the Debtors or the Reorganized Debtors of any

nature, including, without limitation, any interest accrued thereon from and after the Petition

Date, whether or not (i) a Proof of Claim based on such debt, obligation, or equity interest is

filed or deemed filed under Section 501 of the Bankruptcy Code, (ii) such Claim is an Allowed

Claim under Section 502 of the Bankruptcy Code, or (iii) the holder of such Claim has accepted

the Amended Plan, *provided, however, that,* for the avoidance of doubt, ~~nothing contained herein,~~ the Liquidating Trustee

~~or in Section VII.E of the Amended Plan~~ shall be deemed to ~~be a~~ not have ~~waiver, release, acquittal or~~ any claims or defenses in respect of insider Compensation Claims or

~~discharge of~~ any claim ~~that any Party has~~ s against any Insider, or other Person, ~~any obligations that any Party has~~

~~under the Amended Plan, or any right that the Liquidating Trustee has to object to Claims or~~

~~Administrative Expenses, or to recover, set off, recoup, defend, or seek subordination on account~~

~~of any Avoidance Power Cause of Action, Insider Causes of Action or the Oventreich Causes of~~

~~Action.~~

except as otherwise set forth in the Amended Plan.

**b.     Injunction.**

42.     Except to the extent expressly permitted under the Amended Plan, as of the

Effective Date, all Persons (including all Insiders) are hereby permanently enjoined from (i)

commencing or continuing, in any manner or in any place, any action or other proceeding,

whether directly, indirectly, derivatively, or otherwise against the Debtors, the Reorganized

Debtor or the Liquidating Trust, on account of, or respecting any Claims, Administrative

Expense Claims, debts, rights, causes of action, liabilities, or interests discharged pursuant to the

Amended Plan and (ii) from the unauthorized use of the Acquired Assets, including but not

limited to any intellectual property ~~, or from otherwise interfering, limiting or impairing the full,~~

~~complete and effective use and enjoyment of the Acquired Assets by the Reorganized Debtor~~.

**c.     Cancellation and Release of Existing Indebtedness and Liens.**

43.     Except as may otherwise be provided in the Amended Plan, on the Effective Date,

all credit agreements, promissory notes, mortgages, security agreements, invoices, contracts,

agreements, and any other documents or instruments evidencing Claims against the Debtors,

together with any and all Liens securing same, shall be, and hereby are, cancelled, discharged,

and released without further act or action by any Person under any applicable agreement, law,

regulation, order, or rule, and the obligations of the Debtors thereunder shall be deemed

cancelled, discharged, and released.  To the extent deemed necessary or advisable by the

Reorganized Debtor, any holder of a Claim is hereby ordered promptly to provide the

Reorganized Debtor with an appropriate instrument of cancellation, discharge, or release, as

the case may be, in suitable form for recording wherever necessary to evidence such

cancellation, discharge, or release, including the cancellation, discharge, or release of any Lien

securing such Claim.

### d.    Setoffs and Recoupments.

44.    Except as otherwise provided in the Amended Plan, nothing contained in the

Amended Plan shall constitute a waiver or release by the Debtors, the Reorganized Debtor, the

Liquidating Trust or the Liquidating Trustee of any rights of setoff or recoupment that the

Debtors, the Reorganized Debtor, the Liquidating Trust or the Liquidating Trustee may have

against any Person.

### e.    Release.

45.    Except as otherwise specifically set forth in the Amended Plan, on and subject to

the occurrence of the Effective Date:

a.    SAFO and the Orentreich Entities irrevocably and unconditionally waive,

release, acquit and forever discharge the Committee and its members, acting solely in such

capacity, and any of the Committee's attorneys, advisors, professionals, agents, representatives,

affiliates, partners, shareholders, officers, directors and employees in their capacity as such, to

the full extent permitted by law, from any and all actions, causes of action, claims, suits,

accounts, covenants, contracts, debts, demands, agreements, damages, liabilities, or obligations

whatsoever of every name and nature, or on any other basis, known or unknown, suspected or

unsuspected, they now have or may have from the beginning of time until the Effective Date

arising out of, relating to or concerning to the Debtors, the Estates, the Chapter 11 Cases or the

Amended Plan;

b.    The Committee irrevocably and unconditionally waives, releases, acquits

and forever discharges SAFO and the Orentreich Entities, and any of their attorneys, advisors,

professionals, agents, representatives, affiliates, partners, shareholders, officers, directors and

employees in their capacity as such, to the full extent permitted by law, from any and all actions,

DM3\371010.3                                    24

causes of action, claims, suits, accounts, covenants, contracts, debts, demands, agreements, damages, liabilities, or obligations whatsoever of every name and nature, or on any other basis, known or unknown, suspected or unsuspected, it now has or may have from the beginning of time until the Effective Date arising out of, relating to or concerning to the Debtors, the Estates, the Chapter 11 Cases or the Amended Plan;

        c.      The Debtors and their Estates shall be deemed to have irrevocably and unconditionally waived, released, acquitted and forever discharged SAFO, the Orentreich Entities, and the Committee and its members, acting solely in such capacity, and any of their respective attorneys, advisors, professionals, agents, representatives, affiliates, partners, shareholders, officers, directors and employees in their capacity as such, to the full extent permitted by law, from any and all actions, causes of action, claims, suits, accounts, covenants, contracts, debts, demands, agreements, damages, liabilities, or obligations whatsoever of every name and nature, or on any other basis, known or unknown, suspected or unsuspected, they now have or may have from the beginning of time until the Effective Date arising out of, relating to or concerning to the Debtors, the Estates, the Chapter 11 Cases or the Amended Plan; and

        d.      SAFO and the Orentreich Entities irrevocably and unconditionally waive, release, acquit and forever discharge the Debtors and their Estates to the full extent permitted by law, from any and all actions, causes of action, claims, suits, accounts, covenants, contracts, debts, demands, agreements, damages, liabilities, or obligations whatsoever of every name and nature, or on any other basis, known or unknown, suspected or unsuspected, they now have or may have from the beginning of time until the Effective Date arising out of, relating to or concerning to the Debtors, the Estates, the Chapter 11 Cases or the Amended Plan, including

without limitation the right to receive any distribution on any basis from the Liquidating Trust

Assets;

        *Provided, however, that* nothing contained in this paragraph 45 or in Section

VII.E of the Amended Plan shall be deemed to be a waiver, release, acquittal or discharge of any

claim that the Orentreich Entities, SAFO or any Party has against any Insider, any obligations

that any Party has under the Amended Plan, or any right that the Liquidating Trustee has to

object to any Claims or Administrative Expenses, or to recover, set off, recoup, defend or seek

subordination on account of any Avoidance Power Causes of Action, Insider Causes of Action or

the Orentreich Causes of Action.

## G.    NOTICE OF ENTRY OF CONFIRMATION ORDER.

    46.    In accordance with Bankruptcy Rules 2002 and 3020(c), on or before the

Effective Date, SAFO (or its agents) shall give notice of the entry of this Confirmation Order, in

substantially the form of <u>Exhibit A</u> hereto (the "<u>Notice of Confirmation</u>"), by United States first

class mail postage prepaid, by hand, or by overnight courier service to: (i) the United States

Trustee; (ii) counsel for the Debtors, (iii) counsel for the Committee; (iv) each department,

agency, or instrumentality of the United States that asserts a non-tax claim against the Debtors;

(v) entities which requested notices under Bankruptcy Rule 2002; and (vi) all creditors who have

filed proofs of Claim in the Chapter 11 Cases or who are scheduled in the Debtors' Schedules, or

any amendment or modification thereto.

    47.    Pursuant to Bankruptcy Rule 3020(e), this order shall not be stayed and shall be

effective upon entry.

    48.    Notwithstanding anything to the contrary contained herein, no notice or service of

any kind will be required to be mailed or made upon any person to whom (i) the Debtors mailed

a notice of the last date for filing proofs of claim in these Chapter 11 Cases, (ii) SAFO (or its agents) mailed the notice of the Disclosure Statement Hearings, or (iii) SAFO (or its agents) mailed the various solicitation packages containing, among other things, notice of the Confirmation Hearing, but received any of such notices returned marked "undeliverable as addressed," "moved - left no forwarding address," or "forwarding order expired," or similar reason, unless SAFO has been informed in writing by such person of that person's new address.

49.     Mailing of the Notice of Confirmation in the time and manner set forth in the preceding paragraphs is adequate and satisfies the requirements of Bankruptcy Rules 2002 and 3020(c), and no further notice is necessary.

**H.     RETENTION OF JURISDICTION.**

50.     Following the Confirmation Date, and further following the Effective Date, this Court shall retain jurisdiction of all matters arising out of, or related to, the Chapter 11 Cases and the Amended Plan pursuant to, and for the purposes of, Section 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

1.     to hear and determine motions, if any, for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases, and for determination of Cure Payments related thereto, that are pending as of the Effective Date, and the allowance, estimation, or disallowance of Claims resulting therefrom;

2.     to determine any and all adversary proceedings, applications, motions, and contested matters arising in or related to the Chapter 11 Cases, including, but not limited to, Avoidance Power Causes of Action;

3.     to ensure that Distributions to holders of Allowed Administrative Expenses and Allowed Claims are accomplished as provided herein;

4.     to hear and determine any objections to Administrative Expenses, to proofs of claims, and to proofs of Equity Interests filed both before and after the Confirmation Date, and to allow, estimate, or disallow any Disputed Administrative Expense or Disputed Claim, in whole or in part;

5.    to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

6.    to enforce the Amended Plan and issue orders in aid of execution of the Amended Plan and to issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Amended Plan or its execution or implementation by any entity;

7.    to consider any modifications of the Amended Plan, to cure any defect or omission, or to reconcile any inconsistency in the Amended Plan or any order of the Bankruptcy Court, including, without limitation the Confirmation Order;

8.    to hear and determine all applications for compensation and reimbursement of expenses of professionals under Sections 330, 331, and 503(b) of the Bankruptcy Code, and to resolve any disputes regarding payment for professional services incurred after the Effective Date for purposes of implementing the Amended Plan or administering the Chapter 11 Cases;

9.    to order delivery to the Reorganized Debtor of any of the Acquired Assets or property of the Estates transferred to the Reorganized Debtor under the Amended Plan, wherever located;

10.   to order the Debtors' and their principals' cooperation in full, complete and effective transfer of the Acquired Assets and ownership as required under the Amended Plan;

11.   to enjoin any actions of any third parties, including the Debtors' principals or employees that would limit, interfere with or otherwise impair the full use and enjoyment of the Acquired Assets, and the rights and ownership transferred to the Reorganized Debtor under the Amended Plan;

12.   to hear and determine any disputes arising in connection with the interpretation, implementation, execution, or enforcement of the Amended Plan, the Confirmation Order, any other order of the Bankruptcy Court;

13.   to recover all assets of the Debtors and property of the Estates, wherever located;

14.   to hear and determine any matters concerning state, local, and federal taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code;

15.   to hear any other matter not inconsistent with the Bankruptcy Code; and

16.     to enter a final decree closing the Chapter 11 Cases.

**I.     PRESERVATION OF RIGHTS AND DEFENSES.**

51.     Except to the extent such rights, Claims, Causes of Action, defenses, and counterclaims are expressly and specifically waived, released, transferred or assigned under or in connection with the Amended Plan or in any settlement agreement approved during the Chapter 11 Cases, (i) any and all rights, Claims, causes of action, defenses, and counterclaims accruing to the Debtors or the Estates shall remain assets of and vest in the Reorganized Debtor, whether or not litigation relating thereto is pending on the Effective Date and whether or not any such rights, Claims, causes of action, defenses, and counterclaims have been listed in the Schedules or otherwise listed or referred to in the Amended Plan, the Disclosure Statements, or any other document filed with the Bankruptcy Court, and (ii) neither the Debtors nor the Reorganized Debtor waive, relinquish, or abandon (nor shall they be estopped or otherwise precluded from asserting) any right, Claim, cause of action, defense, or counterclaim that constitutes property of the Estates, (a) whether or not such right, cause of action, defense or counterclaim has been listed or referred to in the Schedules, the Amended Plan, the Disclosure Statements, or any other document filed with the Bankruptcy Court, (b) whether or not such right, cause of action, defense, or counterclaim is currently known to the Debtors, and (c) whether or not a defendant in any litigation relating to such right, cause of action, defense, or counterclaim filed a proof of claim in the Chapter 11 Cases, filed a notice of appearance or any other pleading or notice in the Chapter 11 Cases, voted for or against the Amended Plan, or received or retained any consideration under the Amended Plan. Without in any manner limiting the scope of the foregoing, notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue

preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, or refer to a right, cause of action, defense, or counterclaim, or potential right, cause of action, defense, or counterclaim in the Schedules, the Amended Plan, the Disclosure Statements, or any other document filed with the Bankruptcy Court, shall in no manner waive, eliminate, modify, release, or alter the Reorganized Debtor's right to commence, prosecute, defend against, settle, and realize upon any rights, causes of action, defenses, or counterclaims that any of the Debtors or the Reorganized Debtor have or may have as of the Confirmation Date.  Except as otherwise set forth in the Amended Plan, the Reorganized Debtor may commence, prosecute, defend against, recover on account of, and settle all rights, causes of action, defenses, and counterclaims in its sole discretion in accordance with what is in the best interests, and for the benefit, of the Reorganized Debtor.  Notwithstanding the foregoing, the Liquidating Trustee is the sole party with the right to commence, prosecute, defend against, settle, and realize upon any objections to Claims (including any rights of set off or recoupment with respect to such Claims) or requests for allowance of Administrative Expenses, any Insider Causes of Action, any Avoidance Power Causes of Action and any Orentreich Causes of Action.

52.     On, and subject to the occurrence of, the Effective Date, the Debtors and the Reorganized Debtor shall be deemed to have released all claims against SAFO and the Orentreich Entities and any Causes of Action commenced by any of the Debtors against SAFO or any Orentreich Entity, as well as any counterclaims asserted against the Debtors by SAFO or any Orentreich Entity in any such action, shall be deemed to be dismissed with prejudice and without costs, fees or rights of appeal, and SAFO's previously filed motions to convert the Chapter 11 Cases to Chapter 7 and its request to file an amended proof of claim shall be denied with prejudice.

DM3\371010.3                                30

53.    The Insider Objections to the Amended Plan have been withdrawn, subject to the

agreement of the Plan Proponents that nothing in the Amended Plan shall be deemed to provide

for automatic disallowance of the Class 5 Insider Compensation Claims.  Such claims may be the

subject of one or more objections by the Liquidating Trustee, seeking, among other

things, disallowance, subordination and/or recharacterization.  If and to the extent such

objections are sustained, such claims shall be disallowed, subordinated, recharacterized and/or

subject to such other treatment as determined by the Court.  If and to the extent such objections

are overruled and such claims are allowed, they shall be treated either as Allowed Administrative

Expenses or Allowed General Unsecured Claims, as the case may be, as provided in Class 5 of

the Amended Plan.

54.    On and subject to the occurrence of the Effective Date, SAFO and the

Orentreich Entities shall be deemed to have transferred or assigned to the Liquidating Trustee the

Orentreich Causes of Action and to have consented to such transfer or assignment, and the

Liquidating Trustee shall be deemed substituted for any of SAFO or the Orentreich Entities in

any of the Orentreich Causes of Action, provided that following such assignment and/or transfer,

the Liquidating Trustee and Wayne Richard and Diane Richard have agreed to dismiss without

prejudice that action entitled *SAFO, L.L.C. v. Wayne Richard and Diane Richard*, 06-CV-10582-

(the "SAFO Action"), provided that if Wayne Richard or Diane Richard

NMG (D. Mass.). The foregoing is in lieu of any requirement in the Plan that the Plan
bring any

Proponents enter into the assignment that was to have been attached as Schedule III.B to the
claims

Plan.
against

SAFO that

would have

constituted

compulsory counterclaims

in the SAFO Action,

then the Liquidating Trustee

shall reassign to SAFO the

claims that are subject of the

SAFO Action.

**J.    ADDITIONAL PROVISIONS.**

55.    The failure to specifically include any particular provision of the Amended Plan in this Confirmation Order shall not diminish or impair the efficacy of such provision, it being understood the intent of this Court that the Amended Plan be confirmed and approved in its entirety.

56.    This Confirmation Order shall be, and hereby is, deemed recordable in form and any and all recording authorities are directed to accept this Confirmation Order for filing.

Dated: June __13__, 2006

_____
Hon. Robert Somma
United States Bankruptcy Judge

## EXHIBIT A

**CONFIRMATION NOTICE**

DM3\371010.3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RICHARD-JAMES, INC., ) | |
| R.J. DEVELOPMENT CORP. and ) | Case Nos. 04-10523-RS, |
| RJ/OF, LLC, ) | 04-10524-RS and 04-10526-RS |
| ) | (Jointly Administered) |
| Debtors-in-possession. ) | |
| ) | |

NOTICE OF (1) FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF
SAFO, LLC AND THE CREDITORS' COMMITTEE, (2) EFFECTIVE DATE, AND
(3) DEADLINES FOR FILING ADMINISTRATIVE CLAIMS, PROFESSIONAL FEE CLAIMS,
AND CERTAIN LEASE AND CONTRACT REJECTION CLAIMS

PLEASE TAKE NOTICE THAT:

    1.    *Confirmation of Plan*. By order dated June __, 2006 (the "Order"), the United States
Bankruptcy Court for the District of Massachusetts (the "Court") confirmed the First Amended Joint
Chapter 11 Plan of Reorganization of SAFO, LLC and the Creditors' Committee (the "Amended Plan").
The Order is available for inspection at the Office of the Clerk, United States Bankruptcy Court for the
District of Massachusetts, 1101 Thomas P. O'Neill Jr. Federal Building, 10 Causeway Street, Boston,
Massachusetts 02222, and copies of the Order may be obtained upon request to SAFO's counsel, Duane
Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, MA Attn: Karen E. Gotkin, Paralegal, email:
kegotkin@duanemorris.com.

    2.    *Effective Date; Distributions; Cancellation of the Company's Stock*. SAFO and the
Committee (as defined in the Amended Plan) have established [_____, 2006] as the effective
date of the Amended Plan as defined therein (the "Effective Date"). Creditors holding General Unsecured
Claims against the Debtors' estates as of June 7, 2005, which is the record holder date for purposes of the
Amended Plan, and Persons asserting Contract/Lease Claims under paragraph 5 hereof, will be entitled to
receive distributions in accordance with the terms of the Amended Plan to the extent that their claims are
allowed. Equity Interests (as defined in the Amended Plan) in the Debtors are deemed cancelled as of the
Effective Date without payment of any monies or other consideration.

    3.    *Administrative Expenses*. In accordance with Paragraph 30 of the Order, any request for
compensation by any Person for making a substantial contribution to the Chapter 11 Cases, and all other
requests for payment of Administrative Expenses incurred before the Effective Date under Sections
507(a)(1) or 503(b) of the Code, shall be filed no later than thirty (30) days after the Effective Date, i.e.
[_____, 2006] (the "Administrative Expense Bar Date"), and must be the subject of a
request filed with the Clerk, Office of the Clerk, United States Bankruptcy Court for the District of
Massachusetts, 1101 Thomas P. O'Neill Jr. Federal Building, 10 Causeway Street, Boston, Massachusetts
02222, and served upon the Liquidating Trustee and counsel to the Liquidating Trustee [insert names and
mailing addresses] so as to be received by the Administrative Expense Bar Date. Any request for
payment of an Administrative Expense that is subject to the Administrative Expense Bar Date and that is

33

not filed and served on or before the Administrative Expense Bar Date shall be forever barred; any party that seeks payment of Administrative Expenses, including without limitation Insider Compensation Claims and personal injury claims arising from acts or omissions occurring after the Petition Date, that (i) is required to file and serve a request for payment of such Administrative Expenses and (ii) does not file and serve such a request by the deadline established herein shall be forever barred from asserting such Administrative Expenses against the Debtors, SAFO, the Reorganized Debtor, the Liquidating Trust, the Liquidating Trustee, the Committee, the Post-Effective Date Committee, the Estates, or any of their property, and shall not share in any Distributions under the Amended Plan. Any objection to Administrative Expense claims must be filed by the later of (i) sixty (60) days after the Effective Date, or (ii) such greater period of limitation as may be fixed or extended by the Court or by agreement between the Liquidating Trustee and the holder of a claim for an Administrative Expense.

4. *Professional Fees and Expenses Claims*. In accordance with Paragraph 31 of the Order, all applications for final compensation and reimbursement of Professional Fees and Expenses incurred before the Effective Date shall be filed no later than thirty (30) days after the Effective Date, i.e. [_____, 2006] (the "Professional Fee Bar Date"), and must be filed with the Clerk, Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts, 1101 Thomas P. O'Neill Jr. Federal Building, 10 Causeway Street, Boston, Massachusetts 02222, and served upon the Liquidating Trustee and counsel to the Liquidating Trustee [insert names and mailing addresses], so as to be received by the Professional Fee Bar Date. Any such application shall also include fees and expenses incurred on or after the Effective Date in preparing the application, to the extent requested by the applicant. Any such Professional Fees and Expenses Claims that are not filed and served within such time will be forever barred from assertion against the Debtors, SAFO, the Reorganized Debtor, the Liquidating Trust, the Liquidating Trustee, the Committee, the Post-Effective Date Committee, the Estates and their property, and shall not share in any Distributions under the Amended Plan. Any objection to Professional Fees and Expenses Claims must be filed by the later of (i) sixty (60) days after the Effective Date, or (ii) such greater period of limitation as may be fixed or extended by the Court or by agreement between the Liquidating Trustee and the holder of a claim for Professional Fees and Expenses.

5. *Contract/Lease Claims*. All Allowed General Unsecured Claims arising from the rejection of executory contracts or unexpired leases, whether under the Amended Plan or by separate proceeding, shall be treated as Claims in Class 4 under the Amended Plan. All Claims arising from the rejection of executory contracts or unexpired leases under the Amended Plan must be filed with the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts, 1101 Thomas P. O'Neill Jr. Federal Building, 10 Causeway Street, Boston, Massachusetts 02222 and served upon the Liquidating Trustee and counsel to the Liquidating Trustee [insert names and mailing addresses] within thirty (30) days after the date of this notice. Any such Claims that are not filed and served within such time will be forever barred from assertion against the Debtors, SAFO, the Reorganized Debtor, the Liquidating Trust, the Liquidating Trustee, the Committee, the Post-Effective Date Committee, the Estates, and their property, and shall not share in any Distributions under the Amended Plan. The Liquidating Trustee shall have sixty (60) days from the deadline for filing rejection claims, or such additional time as the Court orders or as is agreed by the Liquidating Trustee and holder of a Contract/Lease Claim.

Dated: _____ ___, 2006

SAFO, L.L.C,

By its counsel,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By its counsel,

34

/s/ Paul D. Moore
Paul D. Moore (BBO # 353100)
Jennifer L. Hertz (BBO # 645081)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Tel: 617-289-9200
Facsimile: 617-289-9201
E-Mail: pdmoore@duanemorris.com

/s/ Andrew Z. Schwartz
Andrew Z. Schwartz (BBO #544653)
Kenneth S. Leonetti (BBO #629515)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

35